UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ALEXANDER NOVIK, | ) ) ) | CASE NO. 1:22-CV-2171 |
| | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| Plaintiff-Relator, | ) ) | |
| v. | ) ) | |
| COSMAX BTI, INC., *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) | |

WHEREAS the United States of America (the "United States") has intervened in part in this action with regard to certain of the allegations asserted against Defendants Cosmax USA, Corporation d/b/a Nu-World and Nu-World Corporation ("Cosmax USA") and Nu-World Corporation ("Nu-World") for the purpose of effectuating a Settlement Agreement between the United States, the Relator, and Defendants; and

WHEREAS the United States and the Relator have filed a joint stipulation of dismissal;

IT IS HEREBY ORDERED as follows:

1. Consistent with the terms of the Settlement Agreement, the claims asserted by the Relator on behalf of the United States against Defendants that are based on the Covered Conduct as defined in Recitals, Paragraph C of the Settlement Agreement are dismissed with prejudice. Recitals, Paragraph C of the Settlement Agreement specifically provides as follows:

   a. On or about April 17, 2020, Nu-World submitted an application for a federally guaranteed loan under the Payment Protection Act ("PPP"), 15 U.S.C. § 636(a)(36). That loan application impermissibly included a requested loan amount that was calculated based, in part, on amounts Nu-World paid to staffing companies for the services of individuals employed by the staffing companies and not employed by Nu-World.

   b. On or about July 29, 2021, Nu-World included an application for

          forgiveness of the entire amount of the PPP loan, even though it had previously been warned by another financial institution that the loan and forgiveness could not include contractors who were not themselves employees of Nu-World. As a result, NuWorld knowingly submitted, or caused the submission of, a false claim to the SBA for payment in connection with its request for loan forgiveness. Based on the false loan forgiveness application, SBA approved the loan forgiveness in full.

    c.    Cosmax USA submitted an application for a federally guaranteed PPP loan on or about April 5, 2020. Subsequently, on or about March 22, 2021, Cosmax USA submitted an application for a federally guaranteed "second-draw" PPP loan. A second draw PPP loan was only available to companies with 300 or fewer employees, including the employees of the applicant's affiliates. 15 U.S.C. § 636(a)(37)(A)(iv)(I)(aa). Cosmax USA was not eligible for the second-draw loan. Cosmax USA and Nu-World were affiliated by common ownership, and collectively the number of their employees exceeded 300. Cosmax USA knew it exceeded the size threshold but nonetheless certified that it met the requirements for the loan.

    d.    On or about December 24, 2021, Cosmax USA submitted an application for forgiveness of its second-draw loan. Cosmax USA falsely stated on its forgiveness application that it had 244 employees, when, in fact, the number of its employees, combined with the number of Nu-World employees, exceeded the 300-employee limit. As a result of the false statement, SBA approved the forgiveness application. That conduct is referred to below as the "Covered Conduct."

2. The remaining claims asserted by the Relator in this action on behalf of the United States are dismissed with prejudice to the Relator and without prejudice to the United States.

3. All claims asserted by the Relator regarding attorney's fees, costs, and expenses under 31 U.S.C. § 3730(d) are dismissed with prejudice.

4. The Court retains jurisdiction to enforce the Settlement Agreement.

This matter is now CLOSED.

**IT IS SO ORDERED.**

Date: May 27, 2025

                                            BRIDGET MEEHAN BRENNAN
                                            UNITED STATES DISTRICT JUDGE